IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SCOTT WOOD PRODUCTS, LLC, | ) |
| PLAINTIFF, | ) |
| v. | ) CASE NO. 3:10cv07-MEF |
| MULTITRADE RABUN GAP, LLC, | ) (WO - Do Not Publish) |
| DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted). At any time, the Court may review *sua sponte* whether it possesses subject matter jurisdiction over an action before it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-11 (11th Cir.1999) (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction); Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (same); *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *see also Insur. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982).

Plaintiff filed suit in this Court invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). The Complaint alleges in a somewhat conclusory fashion that this case satisfies Section 1332(a)(1)'s requirement that the amount in controversy exceed $75,000. The allegations of the Complaint regarding the complete diversity of citizenship requirement are deficient. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1337 (11th Cir.2002). Indeed, one of the Supreme Court's earliest cases, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267(1806),[1] held that there is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side.

Plaintiff is alleged to be an Alabama limited liability company with a principal place of business in Alabama. Defendant is alleged to be a Virginia limited liability company with a principal place of business in Georgia. The Complaint is devoid of further allegations regarding the citizenship of the parties. For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). The Complaint in no way identifies the members of either LLC nor does it disclose the citizenship

---

[1] Overruled on other grounds by 43 U.S. (2 How.) 497 (1844).

of those members. The Court cannot discern from the allegations of the Complaint whether complete diversity of citizenship exists.

Accordingly, it is hereby ORDERED as follows:

1. Plaintiff's counsel shall immediately undertake an investigation of the citizenship of any and all members of the limited liability companies involved in this litigation.

2. If after investigating the citizenship of the members of the LLCs involved in this case, the plaintiff contends that this Court has subject matter jurisdiction over this action, Plaintiff is DIRECTED to file an Amended Complaint which clearly sets forth the factual and legal basis for this Court's subject matter jurisdiction by no later than **February 1, 2010**. Failure to timely file an Amended Complaint in compliance with this Memorandum Opinion and Order will result in the immediate dismissal of this case without prejudice for want of subject matter jurisdiction. Moreover, should it appear to the Court from the Amended Complaint that it lacks subject matter jurisdiction over this action, this case will be dismissed without prejudice for want of subject matter jurisdiction. Such a dismissal should not prejudice the plaintiff's ability to pursue its action in a court of the State of Alabama.

3. If plaintiff concedes that this Court does not have subject matter jurisdiction over this action, Plaintiff is DIRECTED to file a proper motion pursuant to Federal Rule of Civil Procedure 41(a)(2) seeking dismissal of this action without prejudice by no later than **February 1, 2010**.

DONE this the 8th day of January, 2010.

                                          /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE