IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT WOOD PRODUCTS, LLC, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-cv-007-MEF |
| | ) | |
| MULTITRADE RABUN GAP, LLC, | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Wood Products, LLC ("Scott Wood") brings this action against Defendant Multitrade Rabun Gap, LLC ("Multitrade") for damages and injunctive relief arising out of the alleged breach of a twenty year contract. It is alleged that, pursuant to this contract, Scott Wood was to be the exclusive provider of wood products to Multitrade, but that Multitrade informed Scott Wood that it would no longer accept delivery of wood products from Scott Wood. Scott Wood invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The action is now before the Court on Scott Wood's Motion for Preliminary Injunction (Doc. # 2). Multitrade opposes the motion. The Court has carefully considered the submissions in support of and in opposition to the motion. For the reasons set forth below, the Court finds that the motion is due to be DENIED.

A preliminary injunction is "an extraordinary and drastic remedy" that cannot be granted unless the moving party clearly establishes the following four prerequisites:

(1) it has a substantial likelihood of success on the merits; (2) irreparable

injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*). Scott Wood has failed to convincingly argue that it has a substantial likelihood of success on the merits. This is a glaring deficiency in its motion and supporting submissions. Scott Wood instead focuses its arguments nearly exclusively on the irreparable injury is claims it will suffer absent the requested injunctive relief. Unfortunately, the evidence and legal argument before the Court fail to establish irreparable harm that could not be adequately compensated by an award of damages. Scott Wood does not even address the third and fourth requirements for preliminary injunctive relief. Scott Wood makes no mention of its willingness to post the necessary bond. In every respect, the pending request for preliminary injunctiver relief is deficient. Accordingly, it is hereby ORDERED that the Motion for Preliminary Injunction (Doc. # 2) is DENIED.

DONE this the 8th day of February, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE