IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT WOOD PRODUCTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-cv-7-MEF |
| | ) | |
| MULTITRADE RABUN GAP, LLC, | ) | (WO- Do Not Publish) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Transfer (Doc. # 9). Plaintiff filed this lawsuit alleging breach of contract in this Court invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff's complaint and amended complaint contain general factual allegations regarding the appropriateness of venue. Specifically, Plaintiff alleges that it is an Alabama limited liability company with a principal place of business in Alabama and that the performance of the contract at issue was to occur in Alabama. Defendant contends that this case should be dismissed because this Court lacks personal jurisdiction over Defendant. In the alternative, pursuant to 28 U.S.C. § 1406(a), Defendant claims that venue is improper in this district and urges the Court to either dismiss the case or to transfer it to the United States District Court for the Northern District of Georgia, a district where venue is appropriate. As a final alternative, Defendant seeks transfer pursuant to 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Defendant contends that venue properly likes in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claim occurred in Rabun Gap, Georgia, which is located in the Gainesville Division of the Northern District of Georgia. In response to the Defendant's motion, Plaintiff "consents to the transfer of this cause to the Northern District of Georgia." By this statement, Plaintiff concedes that venue is appropriate there and not appropriate here. Accordingly this case is due to be transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).

For the foregoing reasons, it is hereby ORDERED as follows:

(1) Defendant's Motion to Dismiss, or, in the Alternative, to Transfer (Doc. # 9) is DENIED to the extent that it seeks dismissal of this action, but GRANTED to the extent that it seeks transfer of this lawsuit to the United States District Court for the Northern District of Georgia, Gainesville Division.

(3) It is further ORDERED that this action be, and the same hereby is TRANSFERRED to the United States District Court for the Northern District of Georgia, Gainesville Division for all further proceedings.

Done this 18th day of February, 2010.

                                            /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE